**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Breitzman, | No. CV-24-02480-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Amy Breitzman's Motion to Reinstate Defendant Diponzio or Alternatively [for] Relief to Add Party (Doc. 19).

Federal Rule of Civil Procedure 4(e)(2) provides that a plaintiff can serve the complaint and summons on an individual defendant located within the United States by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Rule 4(e)(1) provides that a plaintiff may also execute service of the complaint and summons by following the applicable state law, and the state of Arizona's rules for service on a domestic individual mirror the federal rules. Rule 4(l) provides that proof of service must be filed with the court, unless service is waived.

Rule 4(d) provides the rules for a plaintiff to serve by waiver, and Rule 4(d)(4) states that a plaintiff need not file proof of service if instead the plaintiff files a waiver.

Here, prior to Defendants' removal of this case from Arizona state court, Plaintiff—who is represented by counsel—notified the state court that she had served two individual Defendants, Sean Connolly and Nicholas Diponzio, by filing proof of service, and that proof of service was defective on its face. Specifically, for example, the process server stated in a Declaration of Service that she served Diponzio by serving and describing Jessica Castro, deputy city clerk—an individual who is not authorized to accept service for another individual. (Doc. 1-1 at 40.) Plaintiff thus failed to comply with the applicable rules of service of process in either state or federal court.

In their Notice of Removal filed September 18, 2024—over four months ago—Defendants pointed out the defective service of process on Defendants Diponzio and Connolly. (Doc. 1 at 2.) On October 2, 2024, Defendants represented to the Court that Plaintiff had agreed that Defendants need not file a motion to dismiss for insufficient process under Rule 12(b)(4), but rather Plaintiff would request waivers of service. (Doc. 5.) Indeed, Plaintiff filed a waiver for Connolly on October 16, 2024 (Doc. 7), obviating the requirement for Plaintiff to file a valid Declaration of Service on Connolly, but Plaintiff filed no waiver for Diponzio.

Under Rule 4(m), the service deadline for Diponzio was December 17, 2024—90 days after removal, when the Federal Rules of Civil Procedure took effect. Coincidentally, Plaintiff filed a First Amended Complaint on that day, still naming Diponzio as Defendant, but filed no Declaration of Service or waiver of service as to Diponzio.[1] Plaintiff filed the First Amended Complaint outside the time permitted to file an amendment as a matter of course under Rule 15(a)(1) but without obtaining the court's leave or the opposing party's written consent under Rule 15(a)(2), as required. Plaintiff thus failed to comply with the applicable rules in this lawsuit for a second time—by missing the deadline to serve Diponzio—and a third time—by failing to comply with the pleading amendment rules.[2]

---

[1] Of course, the filing of an amended complaint against a previously named defendant does not reset the deadline by which a plaintiff must serve the defendant. Such conduct would be an end-run around Rule 4(m).

[2] Plaintiff also failed entirely to comply with Local Rule 15.1 in filing the amended pleading.

- 2 -

On January 28, 2025—six weeks after the service deadline—the Court entered an Order (Doc. 17) dismissing Diponzio for Plaintiff's failure to serve and a separate Order (Doc. 18) setting the Rule 16 case management conference as to Plaintiff's claims against the remaining Defendants.[3] Plaintiff has now filed a Motion asking the Court to "reinstate" Diponzio as Defendant for "good cause" because Diponzio's counsel has now agreed to sign a waiver (which Plaintiff did not bother to attach or file to his Motion), or alternatively to "add" Diponzio back to the lawsuit as a party. (Doc. 19.) That is not how this works.

Rule 4(m) provides that the Court may extend the time for a plaintiff to serve a defendant if a plaintiff can show good cause for a failure to serve within the required period of time, but under Rule 6(b), such a request by a plaintiff must be filed *before* the deadline has passed, or the plaintiff must show her failure to make such a request before the deadline was on account of *excusable neglect. See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990). Whether or not Plaintiff has now shown good cause for an extension to the service of process deadline under Rule 4(m),[4] Plaintiff has made no effort to demonstrate to the Court that her failure to request an extension of time before the service deadline was due to excusable neglect, and the Court must therefore deny Plaintiff's present Motion. Plaintiff has known about her failure to effectuate proper service on Diponzio at least since Defendants filed the Notice of Removal on September 18, 2024—over four months ago— and the service deadline passed on December 17, 2024—six weeks ago. Yet Plaintiff made no effort (until the Court dismissed Diponzio) to request an extension of time prior to or after the deadline. No excusable neglect for her tardiness is apparent.

The Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Arizona set the deadlines for when parties must serve process and file pleadings,

---

[3] Plaintiff had more than adequate notice that she had not timely served Diponzio, including through Defendants' Notice of Removal (Doc. 1) and Motion (Doc. 5) and the Court's Order extending Diponzio's time to answer the Complaint premised on the execution (and filing) of a waiver of service (Doc. 10).

[4] Plaintiff's Motion requests an extension of time to serve Diponzio to February 7, 2025—a seven-week extension to the original deadline. Because Plaintiff intends to serve by waiver, Diponzio has 60 more days to respond to the Amended Complaint, resulting in a months-long delay to this litigation were the Court to grant Plaintiff's request.

- 3 -

motions, discovery and other materials. Any deviations from those rule-based prescriptions come only from the Court's orders, and no party can unilaterally change that date without the Court's awareness and consent. This is for practical reasons. When the Court is in the dark as to any deadlines, case management becomes an impossibility, and a matter runs serious risk of unnecessary delay, wasting or other inefficient use of the Court's time, and undue expense to the parties.

Thus, rules-based deadlines, just like deadlines the Court sets in a scheduling order, must be enforced by the Court. As the Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of Univ. of Calif.*, 410 F.3d 1052, 060 (9th Cir. 2005). Underlying all of these concerns is Federal Rule of Civil Procedure 1, which states, "These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

As an alternative to her request to "reinstate" Diponzio, Plaintiff asks that the Court allow her to "add a party" to this litigation. In this instance, such a request is entirely inappropriate as another attempt at an end-run around the Federal Rules of Civil Procedure. Among other things, a plaintiff cannot simply "add back" a defendant the plaintiff named in the original complaint and then failed to serve within the time provided in the Rules. Such a result would render Rule 4(m) a nullity.

. . .

. . .

. . .

. . .

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Reinstate Defendant Diponzio or Alternatively [for] Relief to Add Party (Doc. 19).

Dated this 30th day of January, 2025.

_____
Honorable John J. Tuchi
United States District Judge